IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN LEWIS, | ) | CASE NO. 5:17 CV 2400 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. |
| | ) | BOYKO |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| WARDEN KIMBERLY CLIPPER, | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| Defendant. | ) | **REPORT &** |
| | ) | **RECOMMENDATION** |

## Introduction

Before me by referral[1] in the matter of John Lewis's *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254[2] are the State's return of the writ, which seeks dismissal of all three grounds for relief on the basis that they are procedurally defaulted,[3] and Lewis's motion to hold his petition in abeyance so that he may assert an additional argument to the Ohio appeals court.[4]  For the reasons that follow, I will recommend that this petition be dismissed in its entirety as procedurally defaulted.  Moreover, I will deny the motion to stay and abate.

---

[1]ECF No. 4.
[2]ECF No. 1.
[3]ECF No. 9.
[4]ECF No. 10.

## Facts

The relevant facts necessary to address the procedural default are not extensive. Lewis was convicted by a Summit County jury in 2015 of multiple charges related to assaulting his former live-in girlfriend and was sentenced to an aggregate prison term of 13 years.[5]  On May 10, 2017, the Ohio appeals court overruled all three of Lewis's assignments of error and affirmed the conviction.[6]

Lewis, however, did not timely appeal that decision to the Supreme Court of Ohio; instead, on July 27, 2017, he moved to file a delayed appeal[7] on the grounds that his appellate counsel did not timely inform him of his appellate decision.[8]  A letter from the counsel to Lewis, submitted to the Ohio Supreme Court along with the motion for delayed appeal, states that although counsel had checked with the Ohio Department of Corrections as to Lewis's place of incarceration before sending Lewis notice of the appeals court decision, the initial correspondence ended up being sent to the incorrect institution.[9] Nonetheless, on September 27, 2017 the Supreme Court of Ohio denied the motion for delayed appeal.[10]

---

[5]ECF No. 9, Ex. 2 (state court record) at 4-6.
[6]*Id.* at 67-85.
[7]*Id.* at 86-88.
[8]*Id.* at 90-93.
[9]*Id.* at 115.
[10]*Id.* at 116.

## Analysis

Timeliness is an adequate and independent state ground by which a state may foreclose review by procedural default, and that ground was enforced against Lewis.[11] Further, Lewis cannot here excuse the default for the "cause" of any attorney error because Lewis never brought a claim of ineffective assistance of appellate counsel to the Ohio Court of Appeals.[12]  Moreover, he cannot show "prejudice" from any such error because the Ohio court of appeals, in adjudicating his manifest weight of the evidence claim, determined that there was ample evidence by which the jury could find Lewis guilty on all charges.[13] Finally, Lewis has asserted no new, reliable evidence of actual innocence that was not presented at trial and which would excuse his default.[14]  Indeed, Lewis did not file a traverse and so has neither acknowledged the default nor sought to excuse it.

Therefore, for the reasons stated, I recommend that the entire petition of John Lewis for a writ of habeas corpus[15] be dismissed as procedurally defaulted.

In addition, Lewis's motion to hold consideration of this petition in abeyance so that he may "submit to the lower court(s) an [unspecified] argument that was not originally presented during his original direct appeal"[16] is denied.  Stay and abeyance requires, *inter alia*, that the court make a determination that any unexhausted claim potentially have

---

[11]ECF No. 9 at 21 (citing *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004)).
[12]*Edwards v. Carpenter*, 529 U.S. 446, 450-51 (2000).
[13]ECF No. 9, Ex. 2 at 71-82.
[14]*Schlup v. Delo*, 513 U.S. 298, 324 (1995).
[15]ECF No. 1.
[16]ECF No. 10.

merit.[17]  Meeting that standard is, by definition, impossible to ascertain where Lewis's motion specifies no particular claim.


Dated: August 31, 2018                    s/ William H. Baughman, Jr.
                                          United States Magistrate Judge

---

[17]*Rhines v. Weber*, 544 U.S. 269, 278 (2005).

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[18]

---

[18] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).