UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JOHN LEWIS,** | ) | **CASE NO. 5:17-CV-2400** |
| | ) | |
| **Petitioner,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | |
| | ) | |
| **WARDEN KIMBERLY CLIPPER,** | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **Respondent.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner John Lewis's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus. (ECF #1). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation. The Court **DISMISSES** Petitioner's Petition in its entirety as procedurally defaulted.

**FACTS**

The State of Ohio indicted Petitioner of multiple charges stemming from the assault of his former girlfriend. On September 21, 2015, a jury convicted him. The trial court sentenced him to an aggregate term of imprisonment of thirteen years. On December 31, 2015, Petitioner timely appealed his conviction and sentence. The appellate court affirmed the conviction on May 10, 2017.

On July 24, 2017, Petitioner mailed a Notice of Appeal and Motion to File Delayed Appeal with the Ohio Supreme Court. Petitioner based his Motion on his appellate counsel's failure to timely inform Petitioner of the appellate court's decision. On September 27, 2017, the Ohio Supreme Court denied Petitioner's Motion for Delayed Appeal and dismissed the case.

On November 15, 2017, Petitioner filed the current Petition under 28 U.S.C. § 2254. This Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation. On August 31, 2018, the Magistrate Judge issued his Report and Recommendation, in which he recommended that the Court dismiss the Petition as procedurally defaulted. On November 13, 2018, Petitioner mailed his Objection to the Report and Recommendation.

## STANDARD OF REVIEW

A habeas petitioner must exhaust state court remedies prior to petitioning for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)-(c). Any claims not stated before state court while remedies are available or before procedural rules prevent state courts from reaching the merits of claims are procedurally defaulted and a federal court may not consider the claims. *Seyomour v. Walker*, 224 F.3d 542, 549-50 (6th Cir. 2000). Absent either cause and prejudice or a finding of actual innocence, a federal court will not reach the merits of claims that have been procedurally defaulted in state court by a state prisoner in his direct appeal. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *William v. Anderson*, 460 F.3d 789, 805-06 (6th Cir. 2006). Procedural default results when: 1) the petitioner did not comply with a state procedural rule that is applicable to his claim; 2) a state court enforced the procedural rule in his case; and 3) "the procedural forfeiture is an 'adequate and independent' state ground for foreclosing review of a

federal constitutional claim." *Willis v. Smith*, 351 F.3d 741, 744 (6th Cir. 2000) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir, 1986)).

Finally, Rule 8(b)(4) of the rules Governing § 2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## ANALYSIS

The Magistrate Judge recommended that the Court dismiss the Petition because it was procedurally defaulted. Petitioner objects, arguing that his procedural default should be excused because his appellate counsel provided ineffective assistance when she sent the appellate court's decision to the incorrect address, thus causing his untimely appeal to the Ohio Supreme Court. This resulted in prejudice because he did not have the opportunity to rebut the appellate court's denial of his appeal.

The Court agrees with the Magistrate Judge and holds that Petitioner's habeas claims are procedurally defaulted. Petitioner admits he did not comply with Ohio's procedural rules. Petitioner had forty-five days from May 10, 2017, or until June 26, 2017, to file his Notice of Appeal with the Ohio Supreme Court. OHIO S.CT.PRAC.R. 7.01(A)(1). On July 24, 2017, after the expiration of the forty-five day appeal period, Petitioner filed a Motion for Delayed Appeal, which is allowed under the Ohio Supreme Court Rules. *See id.* at 7.01(A)(4). On September 27, 2017, the Ohio Supreme Court denied Petitioner's Motion in a form entry, thus enforcing its rules. Finally, the Sixth Circuit has determined that denial of a motion for delayed appeal is an adequate procedural ground to foreclose federal habeas review. *Smith v. State of Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 431-32 (6th Cir. 2006) (citing *Bonilla v. Hurley*, 370 F.3d 494,

497 (6th Cir. 2004)). Thus, Petitioner's three habeas claims are procedurally defaulted.

In order to overcome this procedural default, Petitioner must demonstrate either (1) cause and prejudice or (2) make a showing of actual innocence. It is clear that Petitioner has not established his actual innocence as he has failed to present "new reliable evidence...that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Accordingly, Petitioner must demonstrate cause and prejudice to defeat his procedural default.

Petitioner argues that his ineffective assistance of appellate counsel claim is cause for the procedural default of his habeas claims. Cause is found when a habeas petitioner demonstrates that "some objective factor external to the defense" prevented the petitioner's compliance with a state procedural rule. *Bonilla*, 370 F.3d at 498 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Ineffective assistance of appellate counsel may serve as cause to overcome procedural default. *Dietz v. Money*, 391 F.3d 804, 809 (6th Cir. 2004). Moreover, an appellant counsel's failure to notify her client of the appellate court's decision is constitutionally deficient performance necessary to demonstrate cause. *Smith*, 463 F.3d at 434-35.

However, even assuming Petitioner's appellate counsel provided ineffective assistance of counsel, Petitioner's claims are still procedurally defaulted. "A claim of ineffective assistance of counsel must be presented to the state courts as an independent claim before it may be used to establish cause for procedural default." *Deitz*, 391 F.3d at 809 (citing *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000)). "An ineffective assistance of counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted." *Edwards*, 529 U.S. at 453. In Ohio, claims of ineffective assistance of appellate counsel must be raised in a delayed motion for reconsideration in the state appellate courts before asserting them in the federal

-4-

courts.  *See* OHIO R. APP. P. 26(B); *Coleman v. Mitchell*, 244 F.3d 533, 539 (6th Cir. 2001) (citing *State v. Murnahan*, 63 Ohio St.3d 60 (1992).

Here, Petitioner never filed a delayed motion for reconsideration with the Court of Appeals to assert his claim of ineffective assistance of appellate counsel based on her failure to deliver prompt notice of the court's decision.[1] Petitioner has also failed to show cause for not asserting his ineffective assistance of appellate counsel properly before the Ohio courts. And as discussed above, Petitioner has not demonstrated actual innocence necessary to overcome the procedural default of his ineffective assistance of appellate counsel claim.

Because Petitioner's ineffective assistance of appellate counsel claim is itself procedurally defaulted and he has not shown "cause and prejudice" for that default, Petitioner's ineffective assistance of appellate counsel claim cannot serve as "cause" to excuse his three procedurally defaulted habeas claims.

## **CONCLUSION**

For the foregoing reasons, the Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's Report and Recommendation, and **DISMISSES** Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus as procedurally defaulted.

The Court finds an appeal from this decision could not be taken in good faith.  28 U.S.C.

---

[1]Based on the Court's review of the state record, it appears that Petitioner did file a delayed motion for reconsideration with the state appellate court on April 12, 2018.  However, that motion was based on Petitioner's appellate counsel's ineffective assistance relating to failure to raise a particular claim, not based on counsel's failure to timely notify Petitioner of the court's decision.  Furthermore, the justification for the delay was based on Petitioner's failure to timely receive the trial transcripts, which he finally did in the current matter before the Court.  Either way, the appellate court denied the motion based on Petitioner's untimely filing in accordance with Ohio Appellate Rule 26(B)(1).  *State v. Lewis*, Case No. CA-28064 (9th Dist. Ohio App. Ct. Aug. 15, 2018).

§ 1915(a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b); Rule 11 of Rules Governing § 2254 Cases.

**IT IS SO ORDERED.**

                                        <u>s/ Christopher A. Boyko</u>
                                        **CHRISTOPHER A. BOYKO**
                                        **United States District Judge**

**Dated: January 4, 2019**